UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRED ALBINO,

                                Plaintiff,

v.                                           Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC

                                Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Fred Albino, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Atlantic Recovery Solutions, LLC., (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That upon information and belief, Plaintiff does not owe any debt to Defendant or the entity that Defendant is attempting to collect on behalf of.

10. That upon information and belief, Defendant is attempting to collect an alleged debt from Celeste Albino, Plaintiff's sister. This will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Defendant has called Plaintiff regarding the subject debt, beginning in August 2020.

13. That in every call Defendant stated the call was from the office of "ARS."

14. That Defendant called Plaintiff and left a voice message stating that it was an attempt to reach Celeste and it was extremely important that [she] touch base with Celeste as soon as possible.

15. That Defendant asked Plaintiff to have Celeste contact the Defendant's office after noting she was unsure if Celeste received a mailed notice.

16. That after the first call in August Plaintiff informed Defendant not to contact him.

17. That Defendant continued to call Plaintiff in August 2020 and September 2020.

18. That on or about September 10, 2020, Plaintiff once again answered an incoming call from the Defendant and again requested that the Defendant not call him and to be removed from the calling list. Defendant then stated that they would not remove him from their calling list.

19. Thereafter, Plaintiff continued to receive telephone call from the Defendant.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) for calling Plaintiff while failing to identify itself and for failing state the purpose of the call was to that it confirming or correcting location information.

    B. Defendant violated 15 U.S.C. §1692b(3) by calling the Plaintiff more than once when not requested to.

    C. Defendant violated 15 U.S.C. §1692d(6) and violated 15 U.S.C. §1692e(14) for placing telephone calls without disclosing its identity and placing telephone calls using a name other than true name of Defendants business by using by using the pseudonym "ARS."

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 27, 2021

/s/ Seth J. Andrews  
Seth J. Andrews, Esq.  
Law Offices of Kenneth Hiller, PLLC  
*Attorneys for the Plaintiff*  
6000 North Bailey Ave., Suite 1A  
Amherst, NY 14226  
(716) 564-3288  
Email: sandrews@kennethhiller.com